UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RANDALL A. HOLMES,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    10-CV-1031A

          v.

PATRICK R. DONAHOE,
   Postmaster General,

                              Defendant.

## I.    INTRODUCTION

        Pending before the Court is a motion by defendant Patrick R. Donahoe

(Dkt. No. 12) to dismiss the complaint under Rules 12(b)(2) and 12(b)(5) of the

Federal Rules of Civil Procedure ("FRCP").  Defendant asserts that plaintiff did

not timely comply with the requirements for service of process when suing a

government official in his official capacity.  Plaintiff counters that he has since

corrected any defects in service of process and that dismissal based only on the

timing of service would be hypertechnical.

        The Court has deemed the matter submitted on papers pursuant to FRCP

78(b).  For the reasons below, the Court denies the motion.

## II.    BACKGROUND

This case concerns allegations that the United States Postal Service ("USPS") fired plaintiff because he was a male over the age of 40.  The complaint does not contain a lot of background information, such as when plaintiff first began working for USPS and when USPS formally terminated him.  Nonetheless, plaintiff has alleged that he filed a workplace-discrimination complaint against Cynthia Bailey and Robert Marsh on March 20, 2008, with the USPS Equal Employment Opportunity ("EEO") office.[1]  Within two months of his complaint, plaintiff allegedly experienced a suspension without pay and two disciplinary notices for his work performance.  The timing of these events suggested to plaintiff that USPS was retaliating against him for having filed a complaint.  Additionally, plaintiff perceived that coworkers with similar work performance who were women or who were under 40 years of age never had been disciplined or terminated as he had.  Plaintiff found some justification for his concerns from the results of two arbitration hearings that followed the two disciplinary notices that he received.  After each hearing, the arbitrator found that the notices and the suspension without pay lacked just cause.

------

[1] Plaintiff does not explain in the complaint who these people are, though presumably they are coworkers at USPS.  The complaint suggests that Ms. Bailey had some kind of supervisory relationship with plaintiff given her apparent authority to suspend him.

After the arbitration hearings, plaintiff decided to pursue his workplace discrimination complaints more formally.  Plaintiff filed a second discrimination complaint with the USPS EEO on July 2, 2009.  The Equal Employment Opportunity Commission ("EEOC") open a file based on that complaint.  Plaintiff eventually received a Notice of Final Action on September 23, 2010.  On December 22, 2010, plaintiff filed the complaint in this case.  The complaint contains three causes of action.  In the first cause of action, plaintiff accuses defendant of wrongful termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17.  In the second cause of action, plaintiff accuses defendant of wrongful termination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634.  In the third cause of action, plaintiff accuses defendant of unlawful retaliation under both Title VII and the ADEA.

How plaintiff proceeded to serve his complaint goes to the heart of the pending motion to dismiss.  On April 12, 2011, plaintiff filed proof of service on the Postmaster General's Office in Washington, D.C. on January 11, 2011.  On April 28, 2011, plaintiff requested an entry of default, which the Clerk of the Court filed on May 2, 2011.  At no time between the filing of the complaint and the request for an entry of default did plaintiff file proof of service on the Attorney General or on the local United States Attorney's Office as required under FRCP 4(i).  On September 7, 2011, defendant filed a motion to set aside the entry of

default.  The Court granted that motion on September 13, 2011 and gave defendant 20 days to answer or otherwise to respond to the complaint.

On September 27, 2011, defendant filed the pending motion to dismiss. Defendant asserted that, up to that time, plaintiff never filed any proof of service on the Attorney General or on the local United States Attorney's Office.  Without that service, according to defendant, the Court had to dismiss the case for insufficient service of process and for lack of personal jurisdiction.  Defendant argued further that plaintiff has not shown any good cause to extend the time for service under FRCP 4(m).  Plaintiff filed opposition papers on October 13, 2011. For the first time in those papers, plaintiff filed proof of service on the local United States Attorney's Office on September 9, 2011 and on the Department of Justice on October 6, 2011.  Plaintiff now asks the Court to recognize, *nunc pro tunc*, that he has cured any defects in service of process, and to avoid what he considers a hypertechnical dismissal based on FRCP 4(i)'s "complicated service requirements."  Defendant insists in reply that plaintiff has set forth nothing in his opposition papers that would establish good cause to grant an extension under FRCP 4(m).

### III.   DISCUSSION

Defendant's arguments under FRCP 12(b)(2) and 12(b)(5) reduce to whether plaintiff has complied with FRCP 4(i).  "To serve . . . a United States officer or employee sued only in an official capacity, a party must serve the

United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer, or employee." FRCP 4(i)(2). With regard to the first step of serving the United States, "a party must . . . send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." FRCP 4(i)(1)(A)(ii), 4(i)(1)(B). Here, plaintiff eventually met the requirements of FRCP 4(i), but not within the 120-day limit of FRCP 4(m). Specifically, plaintiff did not serve the Attorney General or the local United States Attorney's Office within that time. Plaintiff did complete that service approximately nine months after filing his complaint. Since neither side disputes this chronology, the question now is what to do about it.

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FRCP 4(m). "However, a party seeking a good cause extension bears a heavy burden of proof. Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control. Therefore, an attorney's inadvertence, neglect,

mistake or misplaced reliance does not constitute good cause." *Sadler v. 148 Academy Realty, LLC*, No. 08-CV-3338, 2010 WL 3952862, at *1 (S.D.N.Y. Oct. 8, 2010) (citation omitted).  Here, plaintiff is represented by employment-discrimination counsel who appear regularly before courts in this District and can be expected to understand the requirements for service of process.  The Court thus rejects any excuse for plaintiff's chronology of service based on "a complicated mechanic of service on multiple entities."  (Dkt. No. 16 at 5.)  That said, there is one factor in this case that distinguishes it from others and allows the Court—barely—to forgive the nine-month delay in completion of service that defendant highlights.  As early as April 12, 2011, plaintiff started requesting an entry of default from the Clerk of the Court.  Putting aside whether plaintiff's counsel should have understood the service requirements of FRCP 4(i) at that time, the Clerk of the Court did in fact file an entry of default on May 2, 2011. That entry of default remained in place for over four months, until September 13, 2011.  Plaintiff reasonably could have thought that the filing of an entry of default meant forgiveness of any defects in service of process.  *Cf. In re McMillan*, Bankr. No. 09–30986, 2010 WL 234241, at *5 (Bankr. E.D. Tenn. Jan. 13, 2010) ("[A]lthough the Plaintiff's attorneys' mistakes concerning service of process under Rule 7004 do not rise to the level of good cause under Rule 4(m), there is no indication that they did not proceed in good faith, and, in fact, their repeated attempts to contact the Defendants' attorneys prior to filing an Application for

Entry of Default evidence their good faith in attempting to comply with the Rules.").  Under these circumstances, accepting plaintiff's proof of service *nunc pro tunc* essentially will credit plaintiff for the four months when he would not have thought to take any further action because defendant technically was in default.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion to dismiss (Dkt. No. 12).  This denial is without prejudice to test of the merits of plaintiff's complaint under FRCP 12(c), as permitted by FRCP 12(h)(2). Defendant shall answer the complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:November 8, 2011